889 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joseph M. ARBING, Plaintiff-Appellant,
v.
Michael P. LANE; James Thieret, Defendants-Appellees.
 No. 89-5434.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1989.
 
 Before KENNEDY and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Joseph M. Arbing, a pro se Kentucky prisoner, appeals the district court's order dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, plaintiff sued the director of the Illinois Department of Corrections and the Warden of Shawnee [Illinois] Correctional Center, claiming that they violated his constitutional rights by kidnapping him. The district court dismissed the complaint as frivolous. This appeal follows.
 
 
 3
 Upon consideration, we conclude that the district court properly dismissed the suit as frivolous as his claims lack an arguable basis in law or fact. See Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 4
 Arbing claims that while he was serving a fifteen year sentence in 1988 in the state of Illinois, defendants caused him to be taken to Paducah, Kentucky for a medical examination. Upon arrival in Paducah, he informed the escorting officers that since they were no longer within their own state, they could not hold him in their custody because he had not violated any Kentucky laws. He claims that because the officers held him anyway, they effectively kidnapped him. This claim is meritless.
 
 
 5
 To establish a right of relief under 42 U.S.C. Sec. 1983, a plaintiff must plead and prove that he was deprived of a right secured by the Constitution or laws of the United States, and that the defendant deprived him of such right while acting under color of state law. See Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978). The facts alleged in plaintiff's complaint do not establish the deprivation of any constitutional right.
 
 
 6
 Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.